**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1166**

CHRISTINA M. VOGT,

Plaintiff - Appellant,

v.

MACY'S CORPORATE SERVICES, INC.,

Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:16-cv-00121-GMG-RWT)

Submitted: April 25, 2019                    Decided: August 16, 2019

Before FLOYD and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christina M. Vogt, Appellant Pro Se. Joseph Umberto Leonoro, STEPTOE & JOHNSON PLLC, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christina M. Vogt appeals from the district court's January 10, 2019, order denying her motion to reopen her previously dismissed civil action against Defendant Macy's Corporate Services, Incorporated, and the court's January 24, 2019, order denying her Fed. R. Civ. P. 59(e) motion to alter or amend that judgment. Finding no reversible error, we affirm.[*]

Vogt moved to reopen her civil action due to the American Arbitration Association ("AAA") closing her arbitration proceeding. The district court's January 10 order denied Vogt's motion to reopen her civil action that previously was dismissed voluntarily without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Based on the record, we cannot say the district court reversibly erred in denying Vogt's motion to reopen the action. We therefore grant leave to proceed in forma pauperis and affirm the January 10 order.

Turning to the January 24 order denying Vogt's Rule 59(e) motion, such a motion may only be granted "in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). (internal quotation marks omitted). We find no abuse of discretion in the district court's denial of Vogt's Rule 59(e) motion.

---

[*] Defendant argues in its response brief that the appeal should be dismissed because Vogt's opening brief was untimely filed. Defendant, however, did not move to dismiss the appeal, *see* Fed. R. App. P. 27(a)(1); 4th Cir. R. 27(f)(2), and we decline the invitation to dismiss based on Vogt's untimely filing of her opening brief.

*See id.* (stating standard of review). The motion did not rely on an intervening change in controlling law. Although the motion relied on evidence that appears not to have been in existence when Vogt filed her motion to reopen, that evidence did not entitle Vogt to the "extraordinary remedy" of relief under Rule 59(e). *Id.*. The district court did not reversibly err in denying Vogt's motion to reopen, and nothing in the Rule 59(e) motion suggested the presence of a manifest injustice. Accordingly, we affirm the January 24 order on this basis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*